UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
PREFERRED CONTRACTORS INSURANCE
COMPANY, RISK RETENTION GROUP, LLC,

                        Plaintiff,

-against-

NETWORK ADJUSTERS INCORPORATED,

                        Defendant.
-----------------------------------------------------------X

**MEMORANDUM & ORDER**
20-CV-2958 (DRH)

**APPEARANCES:**

**For Plaintiff:**
Hurwitz & Fine, P.C.
575 Broadhollow Road
Melville, NY 11747
By:    Diane Bucci, Esq.

**For Defendant:**
Gerber Ciano Kelly Brady LLP
1325 Franklin Avenue, suite 500
Garden City, NY 11530
By:    Joanna M. Roberto, Esq.

**HURLEY, Senior District Judge:**

      The purpose of this Memorandum is to address the issue of whether subject matter jurisdiction – specifically diversity jurisdiction – has been sufficiently alleged to support removal of this action.

**Background**

      Plaintiff, Preferred Contractors Insurance Company, Risk Retention Group, LLC ("PCIC" or "Plaintiff") commenced this action in Supreme Court of the State of New York, Nassau County seeking to recover for an alleged breach of contract by defendant Network

Adjusters Inc.'s ("Network" or "Defendant"). On July 3, 2020, Defendant removed the action to this Court asserting subject matter jurisdiction on the basis of diversity of citizenship. In support of subject matter jurisdiction, the notice of removal states that "[a]ccording to the allegations in the State Court Action Complaint (Exh. A, ¶1), Plaintiff, Preferred Contractors Insurance Company, Risk Retention Group, LLC is a foreign liability company organized under and pursuant to the laws of the State of Montana with a principal place of business in Billings, Montana. Thus, Plaintiff is a citizen of the State of Montana for diversity purposes" and further that Defendant "is a corporation organized under the laws of the State of New York, with its principal place of business in Farmingdale, New York. Thus, Defendant is a citizen of the State of New York for diversity purposes." (DE 1 at ¶¶5-7.)

On July 7, 2020, the Court issued an Order to Show Cause. In that Order, the Court noted that for purposes of diversity, the citizenship of a limited liability company (LLC) is determined by the citizenship of each of its members and thus the citizenship of natural persons who are members of a limited liability company and the place of incorporation and principal place of business of any corporate entities who are members of the limited liability company must be alleged. Finding the allegations in the notice of removal deficient when measured against the foregoing standard, the Court directed Defendant to show cause in writing why the action should not be remanded for lack of subject matter jurisdiction.[1]

In its response to the Order to Show Cause, Defendant argues that PCIC's complaint demonstrates complete diversity as PCIC "admits it is 'chartered and organized under the law of the State of Montana and is principally located in Billings Montana' [and] Network is identified as a New York corporation that is principally located in Farmingdale, New York." (DE 8-6 at 6.)

---

[1] The Court notes that Plaintiff was also given an opportunity to be heard on the matter of subject matter jurisdiction but did not avail itself of that opportunity.

It further points to several cases in which a court has concluded that PCIC is a citizen of Montana and argues that the decision in *Preferred Contractors Insurance Company, Risk Retention Group v. Joseph & Sons B, LLC*, Civ. Action No. 14-5488 (E.D.N.Y. Sept. 9, 2015) is distinguishable and should not be followed because PCIC is not suing one of its insured. (DE 8-6 at 6-9.) Finally, it argues that "[a]ccording to PCIC's judicial admissions, all of its members are citizens of Montana" and "in light of PCIC's admissions in the Complaint and its actions in prior litigations in which it actively courted federal jurisdiction, it should be precluded in this action from avoiding diversity jurisdiction." (DE 8-6 at 10.)

**Discussion**

The Court rejects the assertion that "PCIC's complaint demonstrates complete diversity as PCIC admits it is 'chartered and organized under the law of the State of Montana and is principally located in Billings Montana' [and] Network is identified as a New York corporation that is principally located in Farmingdale, New York." Unlike a corporation, the citizenship of an LLC is not determined by the state where it is organized and the location of its principal place of business. Rather, as the Court set forth in its order to show cause for purposes of diversity, the citizenship of a limited liability company (LLC) is determined by the citizenship of each of its members. *See, e.g., Bayerische Landesbank, New York Branch v. Aladdin Capital Management LLC,* 692 F.3d 42, 49 (2d Cir. 2012); *Handelsman v. Bedford Vill. Assocs. Ltd Pship,* 213 F.3d 48, 5152 (2d Cir. 2000). The allegations in PCIC's complaint therefore are irrelevant to its citizenship.[2]

---

[2] Defendant's assertion that "[a]ccording to PCIC's judicial admission, all of its members are citizens of Montana," (De8-6 at 10) is without any supporting citation and apparently based on PCIC's statement that it is a Montana entity and not on any explicit admission in any of the filings in this action that all of its members are citizens of Montana.

Turning to the cases which defendant cites as supporting that Plaintiff is a citizen of Montana, the Court finds them unconvincing as in each of those cases there is no discussion of the principle that an LLC's citizenship is determined by the citizenship of its members.

For example, in *Amtrust North America, Inc. v. Preferred Contractors Insurance Company Risk Retention Group, LLC*, 2016 WL 6208288 (S.D.N.Y., 2016), the court found diversity jurisdiction stating:

> Although PCIC does not raise an objection to subject matter jurisdiction, I feel compelled to confirm its existence in this case if only because Plaintiffs anticipated that the issue might arise and so devote most of their brief to it. First, a federal court always has ancillary jurisdiction over subsequent proceedings to enforce its own judgments. *Peacock v. Thomas*, 516 U.S. 349, 356 (1996). Second, diversity jurisdiction exists under 28 U.S.C. § 1332. As PCIC repeatedly notes in its papers in the Quash Action, it is a citizen of Montana, and Plaintiffs are citizens of Delaware and New Hampshire. (Dkt. No. 2 at 9). Since the amount in controversy clearly exceeds the threshold set forth in § 1332, there can be no question that the Court has subject matter jurisdiction over this controversy.

*Id.* at *3. In *Porch v. Preferred Contrs. Ins. Co. RRG,* 2019 U.S. Dist. LEXIS 38743, 2019 WL 1116674 (D. Mont. Mar. 11, 2019), there was no discussion of diversity jurisdiction or PCIC's citizenship; there was only the following conclusory statement under the heading "Application of Montana Law:" "The Court's jurisdiction over this action is based on diversity of citizenship. Therefore, the Court must apply the substantive law of Montana." 2019 WL 1116674 at *3. The decision in *2–BT, LLC v. Preferred Contractors Insurance Company Risk Retention Group, LLC*, 2013 U.S. Dist. LEXIS 150158, 2013 WL 5729932 (D. Col. Oct. 18, 2013) contains only the conclusory statement that "[t]he Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Id.* at *1. Finally, the court in *Certified Multi-media Solutions, Ltd. v. Preferred Contractors Insur. Co. Risk Retention Group, LLC*, 150 F.Supp.3d 228 (E.D.N.Y. 2015) simply concluded that it had diversity jurisdiction as "the parties are diverse – the Plaintiff is a New York corporation and the Defendant is a Montana insurance group with its principal place of

business in Montana" without addressing the Second Circuit's decisions in *Bayerische* and *Handelsman* or the principles for which they stand, i.e., that as an LLC the citizenship of the defendant is determined by the citizenship of its members. Accordingly, the Court finds its conclusion unconvincing.

In contrast to the foregoing decisions, Judge Bloom in *Preferred Contractors Insurance Company, Risk Retention Group v. Joseph & Sons B, LLC*, Civ. Action No. 14-5488 (E.D.N.Y. Sept. 9, 2015) correctly stated that "[o]rganized as a limited liability company PCIC is deemed, for purposes of assessing diversity jurisdiction, to be a citizen of all states in which its partners or members are citizens." Slip op. at 4 (citing *Handelsman*). Defendant maintains that case is distinguishable because there PCIC was suing one its policyholders. That distinction, however, is irrelevant to the principle that the citizenship of an LLC is determined by the citizenship of its members.

Lastly, Defendant's assertion that "in light of PCIC's admissions in the Complaint and its actions in prior litigations in which it actively courted federal jurisdiction, it should be precluded in this action from avoiding diversity jurisdiction" is contrary to the principle that "[i]ndividual 'parties cannot confer subject matter jurisdiction where the Constitution and Congress have not. The absence of such jurisdiction is non-waivable; before deciding any case we are required to assure ourselves that the case is properly within our subject matter jurisdiction.'" *Perpetual Securities, Inc. v. Tang*, 290 F.3d 132, 136 (2d Cir. 2002) (citing *Wynn v. AC Rochester*, 273 F.3d 153, 157 (2d Cir. 2001) (per curiam) and *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)); *cf. Bay Shore Union Free School Dist. v. Kain,* 485 F.3d 730, 733 (2d Cir. 2007) (stating that " the parties' consent alone cannot confer subject matter jurisdiction on the court"); *see generally Preferred Contractors Insurance Company, Risk Retention Group v.*

*Joseph & Sons B, LLC*, Civ. Action No. 14-5488 (E.D.N.Y. Sept. 9, 2015) (Rejecting an argument by PCIC that to deem it a citizen of each state in which its members are citizens would necessarily preclude it from ever bringing a federal diversity action against any of its Policyholders, stating "PCIC offers no support for this policy argument and there is no support for it in the law. There is no right to bring a case in federal court based on diversity jurisdiction and it is 'not for any federal district court to engage in judicial legislation' to change the scope of federal courts' jurisdiction as defined by Congress.) (quoting *Hai Yang Liu v. 88 Harborview Realty*, LLC, 5 F. Supp. 3d 443, 450–51 (S.D.N.Y. 2014).

As neither the allegations in the notice of removal nor the arguments of Defendant in response to the Court's Order to Show Cause support the exercise of diversity jurisdiction, this action is remanded to the Supreme Court, Nassau County.

**SO ORDERED.**

Dated: Central Islip, New York        s/ Denis R. Hurley  
      October 5, 2020                        Denis R. Hurley  
                                                    United States District Judge